IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS



1999

MARK ANTHONY COLLINS                              MOVANT
REG. NO. 21313-009

v.                      No. LR-C-99-438

UNITED STATES OF AMERICA                          RESPONDENT

**RESPONSE TO MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by and through its counsel, Paula J. Casey, United States Attorney for the Eastern District of Arkansas, and Kevin Alexander, Assistant United States Attorney, moves this court to deny the defendant's Section 2255 motion.

Defendant Collins was charged by a Grand Jury Indictment with conspiracy to distribute more that 50 grams of cocaine base, in violation of Title 21, United States Code, Section 846. On August 14, 1998, the defendant appeared before the Honorable George Howard, Jr. United States District Court for the Eastern District of Arkansas. The defendant executed a written Waiver and allowed the United States to file a Superceding Information charging in count one, violation of Title 18 United States Code, Section 371, conspiracy to distribute more than 50 grams of cocaine base and count two, using or carrying a firearm during a drug trafficking crime in violation of Title 18, United States Code, Section 924(c). There was a plea agreement announced in the record that stipulates to a quantity of crack cocaine between 50 and 150 grams for all sentencing purposes.

On October 20, 1998, Defendant Collins motioned this

Honorable Court to withdraw his plea of guilty. In this motion, the defendant complains that he was in fact not guilty of the cocaine trafficking conspiracy. The defendant also complained that he was pressured into pleading guilty by his attorney and that he was not fully aware of the consequences of his plea.

This Honorable Court denied defendant's motion, holding that the defendant failed to establish a fair and just reason to withdraw his plea. In the defendant's motion for relief pursuant to Title 18, United States Code, Section 2255, he requests to be tried anew to determine the validity of his plea agreement.

### I. PETITIONER'S MOTION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY BARRED

Mark Antony Collins executed a written Waiver and allowed the United States to file a Superceding Information charging the defendant with one count of conspiracy to distribute more than 50 grams of cocaine base and one count of using or carrying a firearm during a drug trafficking offense in violation of Title 18, United States Code, Section 924(c).

Defendant then motioned this Honorable Court to allow him to withdraw his guilty plea. This motion was denied. United States v. Collins, No. LR-CR-97-199(11) (Nov. 10, 1998). Defendant Collins did not take direct appeal of this Honorable Court's denial of his motion. The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and "will not do service for an appeal". Bousley v.

2

United States, 118 S. Ct. 1604, 1610 (1998)(quoting Sunal v. Large, 332 U.S. 174, 178 (1947)). Since Collins did not take direct appeal, the instant motion pursuant to Title 28, United States Code, Section 2255 should be procedurally barred unless he can show cause excusing his failure to appeal the prior District Court order. See Thomas v. United States, 112 F. 3d 365 (8th Cir. 1997). Defendant Collins has offered no argument articulating his failure to file direct appeal of this Honorable Court's denial of his motion to withdraw his guilty plea. Thus, procedurally barring the instant petition. Accordingly, the instant petition should be dismissed.

## II. PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL DOES NOT WARRANT RELIEF.

In a criminal proceeding, the defendant has a constitutionally guaranteed right to the assistance of counsel. U.S. Const. Amend. VI. This guarantee has been interpreted to require that the defendant receive effective assistance of counsel. See United States v. Cronic, 466 U.S. 648, 654 (1984); Jones v. Jerrison, 20 F.3d 849 (8th Cir. 1994). When a defendant assets an ineffective assistance claim he shoulders a heavy burden, as the appellate court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." Driscoll v. Deco, 71 F.3d 701, 706 (8th Cir. 1995)(citing Strickland v. Washington, 466 U.S. 668, 689 (1984)).

In order to satisfy this burden, the defendant not only must

prove that his trial counsel's performance was deficient,[1] but also must show that he was prejudiced by this deficient performance.[2] <u>Strickland v. Washington</u> 466 U.S. 688, 687 (1984); <u>Jones v. Jerrison</u>, 20 F.3d 843, 857 (8th Cir. 1994). Further, the counsel's conduct is examined as of the time in question, not in hindsight. <u>Battle v. Deco</u>, 19 F.3d 1547, 1555 (8th Cir. 1994).

Petitioner's claim of ineffective assistance of counsel falls short of the necessary standard to establish a claim of ineffective assistance of counsel. Petitioner claimed that his attorney coerced him into pleading guilty. However, a defendant's representations during plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings. <u>Voytik v. United States</u>, 778 F.2d 1306 (8th Cir. 1985). Counsel for defendant was cognizant of all of the available evidence that might be produced for of against his client. It was his judgement that based on the available evidence, a jury would find his client guilty. Based on this judgement it was counsel's duty to advise the defendant

---

[1] "An attorney's performance is deemed deficient if it is `outside the wide range of professionally competent assistance.'" <u>Jones v. Jerrison</u>, 20 F.3d 843, 857 (8th Cir. 1994)(quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984)).

[2] "An attorney's deficient performance is deemed prejudicial when `there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" <u>Jones v. Jerrison</u>, 20 F.3d 843, 857 (8th Cir. 1994)(quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984)).

4

to plead guilty, particularly, in light of the fact that courts generally assess lighter sentences upon those who plead guilty than those found guilty by a jury. Dewey v. United States, 268 F.2d 124 (8th Cir. 1959)

In the plea proceedings Defendant Collins, under oath, answered "No" to the following questions: (1) Has anybody threatened you in any way to get you to enter a plea of guilty? (2)Anybody promised you anything? The District Court judge then asked the defendant if his plea of guilty was free and voluntary, to which the defendant answered affirmatively. United States v. Collins, No. LR-CR-97-199, Transcript of Change of Plea Proceedings (August 14, 1998), at 8, 9. Further, the United States argues that the transcript of the change of plea proceedings reveal that the Court read allegations against the defendant in their entirety. The defendant then stated that he understood all of the charges that were pending against him.

The United States asserts that the defendant's guilty plea was voluntarily entered in this case. Not only do the defendant's allegations of counsel's coercion fail to overcome the presumption of verity that attaches to the specific representations set forth in the change of plea proceedings, Voytik v. United States, 778 F.2d 1306 at 1308, they are also conclusory and defendant has presented no factual basis for them. Defendant's guilty plea is itself a conviction and is as conclusive as the verdict of a jury. Since the defendant has failed to establish a basis upon which to withdraw his plea, the

5

defendant should be bound by it. <u>Dewey v. United States</u>, 268 F.2d 124 at 128.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Honorable Court to deny defendant's motion pursuant to Title 28, United States Code, Section 2255.

> Respectfully submitted,
>
> PAULA J. CASEY
> United States Attorney
>
> *[signature]*
>
> By Kevin Alexander
> Assistant U.S. Attorney
> P.O. Box 1229
> Little Rock, AR 72203
> 501-324-6045

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this ___ day of October to Mr. Mark Anthony Collins, #21313-009, FCC Beaumont, Low, P.O. Box 26020, Beaumont, TX 77720-6020.

*[signature]*

Kevin Alexander
Assistant U.S. Attorney